**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LUIS OMAR VIELMAS-VALDIVIEZO,

    Defendant - Appellant.

No. 16-2207
(D.C. No. 5:11-CR-01012-MCA-2)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

    Appellant Luis Omar Vielmas-Valdiviezo pled guilty to conspiracy and possession with intent to distribute 50 grams and more of methamphetamine. He was sentenced to 120 months in prison and five years of unsupervised release. He appeals the district court's denial of his motion to modify his sentence. After a thorough search of the record, Mr. Vielmas-Valdiviezo's counsel could not find a non-frivolous argument that could support an appeal. She therefore filed a motion to withdraw and a brief pursuant to

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Anders v. California*, 386 U.S. 738 (1967).  Also finding no non-frivolous issues and exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

## I.  BACKGROUND

### A. *Conviction and Sentence*

In April 2011, Mr. Vielmas-Valdiviezo was indicted for conspiracy, possession with intent to distribute methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime.

In July 2011, he pled guilty to one count of conspiracy to possess with intent to distribute 500 grams and more of methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and one count of possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2.  The plea agreement included both parties' stipulation to a 120-month sentence under Federal Rule of Criminal Procedure 11(c)(1)(C), which provides that the government may "agree that a specific sentence . . . is the appropriate disposition of the case, . . . (such a recommendation or request binds the court once the court accepts the plea agreement)."

At the December 2011 sentencing hearing, the district court accepted the plea agreement and imposed the stipulated sentence of 120 months in prison followed by five years of unsupervised release.   The court noted that it had considered the sentencing range determined by application of the United States Sentencing

Guidelines (the "Guidelines") and believed the sentence imposed reflected the Guidelines. In calculating the sentencing range, the presentence investigation report ("PSR") concluded the total offense level was 35. At the time Mr. Vielmas-Valdiviezo was sentenced, the base level of his offense at issue was 36.[1] After a two-level enhancement for possession of a deadly weapon and a three-level reduction for acceptance of responsibility, Mr. Vielmas-Valdiviezo's total offense level came to 35. His level I criminal history category yielded a Guidelines range of 168 to 210 months of imprisonment.

B. *Motion to Reduce Sentence*

On September 3, 2015, Mr. Vielmas-Valdiviezo filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). To be afforded a reduction under § 3582(c)(2), a defendant must show that his term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Mr. Vielmas-Valdiviezo argued that Amendment 782, which took effect on November 1, 2014, entitled him to a reduction in his base offense level. Under the amended Guidelines, Mr. Vielmas-Valdiviezo's base offense level would be 34 and his total offense level would be 33. Combined

---

[1] When Mr. Vielmas-Valdiviezo was sentenced, the Drug Quantity Table under § 2D1.1(c) of the Guidelines provided that the base level for an offense that involves at least 500 grams but less than 1.5 kilograms of methamphetamine (actual) was 36. Although the amount of methamphetamine involved in Mr. Vielmas-Valdiviezo's conduct was 3.1 kilograms, the parties stipulated under the plea agreement that Mr. Vielmas-Valdiviezo was responsible for only 941.96 grams of pure methamphetamine.

with a criminal history category I, the amended advisory Guidelines range would be 135-168 months.

The government filed a response, arguing Mr. Vielmas-Valdiviezo was ineligible for a sentence reduction under § 3582(c)(2).  On August 4, 2016, the district court denied Mr. Vielmas-Valdiviezo's motion on the ground that "the sentence imposed was based on a stipulated term of imprisonment and not expressly based on the [Guidelines]."  Order, ROA, Vol. I at 43.  Mr. Vielmas-Valdiviezo seeks to appeal that denial.

## C.  **Anders** *Brief*

On October 17, 2016, Mr. Vielmas-Valdiviezo's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which

> authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous.  Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record.  The client may then choose to submit arguments to the court.  The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous.  If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted).

The *Anders* brief states that counsel sees no non-frivolous arguments to support Mr. Vielmas-Valdiviezo's appeal.  Counsel also filed a motion to withdraw from representation.  Counsel certified that she provided a copy of the motion and the accompanying *Anders* brief to Mr. Vielmas-Valdiviezo.  Doc. 1041424.  The court

docket reflects that Mr. Vielmas-Valdiviezo received notice that he had 30 days to respond to his counsel's *Anders* brief. Doc. 1041846. He has not filed a response. Doc. 10426950. On January 3, 2017, the government notified the court that it will not file a response brief. Doc. 10433190.

## II. **DISCUSSION**

### A. *Standard of Review*

"The scope of a district court's authority in a sentencing modification proceeding under § 3582(c)(2) is a question of law that we review de novo. We review a denial of a § 3582(c)(2) motion for abuse of discretion." *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir.2013) (brackets, citations, and quotations omitted).

When counsel submits an *Anders* brief, we review the record de novo. *See United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) (per curiam) ("Under *Anders*, we have conducted an independent review and examination.").

### B. *Legal Background*

1. **18 U.S.C. § 3582**

Federal courts generally lack authority to modify a term of imprisonment after it has been imposed, 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 819 (2010); *Lucero*, 713 F.3d at 1026, except "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," § 3582(c)(2). "Under this court's well-settled precedent, a sentence is 'based on a sentencing range' when

the court imposes the sentence after calculating the sentencing range derived from the defendant's offense level and criminal-history category." *United States v. White*, 765 F.3d 1240, 1246 (10th Cir. 2014) (brackets, citation, quotations omitted).

Section 3582(c)(2) prescribes a two-step inquiry to determine whether a defendant is entitled to a sentence reduction: (1) whether a sentence reduction is authorized, and (2) whether an authorized reduction is warranted. *Id.* at 1245 (10th Cir. 2014). Only the first question, which we review de novo, is at issue here.

2. **Amendment 782**

Amendment 782 to the Guidelines went into effect on November 1, 2014. U.S.S.G. app. C suppl., Amend. 782 at 74 (2015). The amendment allows a retroactive reduction to "the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses." *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (citation and quotations omitted).

3. **Rule 11(c)(1)(C) and *Freeman v. United States***

Rule 11(c)(1)(C) permits the government, in structuring a guilty plea, to "agree that a specific sentence . . . is the appropriate disposition of the case, . . . (such a recommendation or request binds the court once the court accepts the plea agreement)."

In *Freeman v. United States*, 564 U.S. 522 (2011), the Supreme Court addressed whether an initial sentence imposed under a Rule 11(c)(1)(C) plea agreement is "based on" a Guidelines range. The justices split 4-1-4, with Justice

Sotomayor writing a concurrence in the judgment that provided the decisive fifth vote for the plurality.

The four-justice plurality opinion stated it would "permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Id*. at 530. The dissenting justices would have adopted a categorical rule that § 3852(c)(2) does not permit modification of a sentence imposed under a Rule 11(c)(1)(C) plea agreement. *Id.* at 544 (Roberts, C.J., dissenting).

Justice Sotomayor said that a defendant who had entered a plea agreement under Rule 11(c)(1)(C) is eligible for sentence reduction under § 3582(c) only "when the [plea] agreement itself employs the particular Guidelines sentencing range applicable to the charged offenses in establishing the term of imprisonment." *Id.* at 540 (Sotomayor, J., concurring). Although the Guidelines instruct district courts to use them as a "yardstick" in deciding whether to accept a plea agreement, that does not mean that the sentence is "based on" a particular Guidelines range. *Id.* at 536.

## C. *Analysis*

In *United States v. Graham*, 704 F.3d 1275 (10th Cir. 2013), we said, "Every federal appellate court to consider the matter has reached the same conclusion, and we agree: Justice Sotomayor's concurrence [in *Freeman*] is the narrowest grounds of decision and represents the Court's holding." *Id.* at 1278. We therefore apply the rule stated in Justice Sotomayor's concurrence.

Neither counsel's *Anders* brief nor our own review of the record identifies any non-frivolous basis for appeal. Mr. Vielmas-Valdiviezo's appeal would fail under Justice Sotomayor's controlling concurrence because his plea agreement did not "employ[] the particular Guidelines sentencing range applicable to the charged offenses" in determining his sentence. Instead, the plea agreement specified a sentence of 120 months—48 months below the low-end of the applicable Guidelines range—and did not mention the Guidelines.

Having "conduct[ed] a full examination of the record," we can discern no non-frivolous ground for appealing the denial of Mr. Vielmas-Valdiviezo's motion to reduce his sentence. *See Calderon*, 428 F.3d at 930. We therefore grant counsel's motion to withdraw and dismiss this appeal.

## III. **CONCLUSION**

The district court lacks authority under § 3582(c)(2) to reduce Mr. Vielmas-Valdiviezo's sentence. Accordingly, we grant counsel's motion to withdraw and dismiss this appeal.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge