**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN TONY,

Defendant - Appellant.

No. 18-2182

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. 1:16-CR-02904-MV-1)**
_____

Josh Lee, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with him on the briefs), Denver, Colorado, for Defendant-Appellant.

Joseph M. Spindle, Assistant United States Attorney (John C. Anderson, United States Attorney, and Dustin C. Segovia, Assistant United States Attorney, Las Cruces, New Mexico, on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

_____

Before **BRISCOE**, **KELLY**, and **BACHARACH**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

This appeal is brought by Mr. Brian Tony, who was convicted of first-degree murder for fatally stabbing Mr. Pat Garcia during a fight.

Before trial, Mr. Tony sought to introduce evidence that Mr. Garcia had used methamphetamine before the fight. The district court excluded the evidence, and Mr. Tony argues that the evidence should have been allowed into evidence. In our view, the district court excluded the evidence for a reason unsupported by the record. We thus reverse and remand for a new trial.[1]

## I. The district court excluded the methamphetamine evidence on the ground that Mr. Tony failed to identify a proper purpose.

Mr. Tony admitted that he had killed Mr. Garcia. But Mr. Tony denied premeditation and asserted self-defense, arguing that he was protecting himself from Mr. Garcia. Given the assertion of self-defense, the district court allowed Mr. Tony to present evidence of Mr. Garcia's erratic and violent behavior. But Mr. Tony wanted to go further: he wanted to elicit evidence that Mr. Garcia had reacted erratically and violently because he was under the influence of methamphetamine. The district court excluded this evidence under Federal Rule of Evidence 404(b) on the ground that Mr. Tony had failed to identify a proper purpose.

---

[1]     Mr. Tony also argues that the judge erred by informing the venire (upon inquiry) that the case was not a death-penalty case. Given our reversal based on exclusion of the methamphetamine evidence, we need not reach Mr. Tony's argument involving the statement to the venire.

**II. Under the abuse-of-discretion standard, reversal is necessary when the district court relies on a clearly erroneous understanding of the record.**

We review the exclusion of evidence under the abuse-of-discretion standard. *United States v. Ramone*, 218 F.3d 1229, 1234 (10th Cir. 2000). A court abuses its discretion when relying on a clearly erroneous understanding of the record. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on . . . a clearly erroneous assessment of the evidence.").

**III. The district court abused its discretion by excluding the methamphetamine evidence based on Mr. Tony's alleged failure to identify a proper purpose.**

Rule 404(b) prohibits using evidence of other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But the rule provides an exception: evidence of other acts may be admitted for non-propensity purposes. Fed. R. Evid. 404(b)(2).

To invoke this exception, the proponent of the evidence bears a threshold obligation to tell the court what the purpose is. *United States v. Birch*, 39 F.3d 1089, 1093 (10th Cir. 1994). But even if the proponent identifies a permissible purpose, the evidence may still be inadmissible on grounds of relevance, unfair prejudice, or necessity of expert testimony. *See* Fed. R. Evid. 104(b), 402, 403.

The district court excluded the methamphetamine evidence at the threshold stage, ruling that Mr. Tony had identified no proper purpose for the evidence.[2] But this ruling is clearly erroneous based on the record. In responding to the motion in limine, Mr. Tony stated in writing and in court that he was offering the methamphetamine evidence to show why Mr. Garcia was acting erratically and violently. This purpose would have been permissible under Rule 404(b).

In responding to the government's motion in limine to exclude the methamphetamine evidence, Mr. Tony argued:

> When viewed through a neutral lens, the very evidence produced by the Government suggests the victim was the first aggressor in this case. The evidence will support that the alleged victim was intoxicated on methamphetamine and from the electrolytes in his system, that he had been under the influence of methamphetamine at the time of the incident. The Defense will introduce evidence regarding the effects of methamphetamine on human behavior. Such evidence will not be offered for the purpose of proving the alleged victim acted in conformity with his violent character; rather, pursuant to Rule 404(b), it will be offered for another purpose. There is no question that the alleged victim was not only habitually armed

---

[2] Mr. Tony also argues that the evidence should have been allowed as intrinsic evidence. The government argues that Mr. Tony waived this argument in district court by relying on Rule 404(b). We need not decide whether Mr. Tony waived the argument. Even if he hadn't, he would have forfeited the argument by failing to raise it in district court. *United States v. Tapaha*, 891 F.3d 900, 909 n.6 (10th Cir. 2018). When an argument is forfeited, we ordinarily apply plain-error review. *United States v. Battles*, 745 F.3d 436, 445 n.9 (10th Cir. 2014). But Mr. Tony does not argue plain error in this appeal, so we would decline to consider this issue even if it had not otherwise been waived. *United States v. Lamirand*, 669 F.3d 1091, 1098–100 n.7 (10th Cir. 2012).

4

with a large sheath knife, he used that very knife to inflict a potentially mortal wound on the Defendant.

R. vol. I, at 49–50. The government apparently understood this explanation of the purpose, responding that "the probative value of [Mr. Garcia's] drug use to support his 'violent behavior' [was] tenuous at best and highly prejudicial." *Id.* at 54.

The district court then considered the issue at a pretrial hearing. Moments before discussing the motion in limine, the parties addressed the need for a jury instruction on self-defense. Urging an instruction on self-defense, Mr. Tony argued that the jury could reasonably find self-defense based on his efforts to ward off Mr. Garcia's methamphetamine-fueled attack:

> Your Honor, the – I'd ask the Court to take judicial notice that meth is one of those drugs that makes people do irrational and sometimes highly violent things. Your Honor, we – there will be testimony that the deceased kept – kept fighting with Mr. Tony continually, and Mr. – the deceased was still alive when Mr. Tony finally was able to haul himself out of the arroyo after suffering some rather horrible wounds himself. Your Honor, the fact that the deceased did have numerous wounds is simply an indication how violent the fight itself was, how life-threatening it was to Mr. Tony, also.

Suppl. R. vol. IV, at 15. The government again understood the purpose, acknowledging that Mr. Tony was offering the methamphetamine evidence to argue that the victim had acted violently: "What Defense is basically trying to say is somebody who uses methamphetamine is inherently violent." *Id.* at 21.

5

The court didn't immediately decide whether it would instruct on self-defense. The court instead shifted the discussion to the admissibility of the methamphetamine evidence. With this shift in the discussion, Mr. Tony did not repeat the purpose offered in his written objection. There was no need because Mr. Tony had identified this purpose only moments earlier when arguing that the jury could reasonably find self-defense.

Given the clarity of Mr. Tony's explanation and the government's understanding, the district court relied on a clearly erroneous view of the record when ruling that Mr. Tony had failed to identify a permissible purpose for the methamphetamine evidence.

## IV. We cannot affirm on alternative grounds.

This is not to say that the methamphetamine evidence was admissible, for not all evidence of a witness's prior drug use is admissible. Though Mr. Tony identified a proper purpose for the methamphetamine evidence, it might have been excludable as irrelevant or lacking a foundation in expert testimony.[3] Fed. R. Evid. 104(b), 402.

If the evidence were inadmissible on any of these grounds, we might be able to affirm on alternative grounds. But the district court had

---

[3] The evidence might have also been excluded under Rule 403, which requires balancing the evidence's probative value against dangers such as the risk of unfair prejudice. Fed. R. Evid. 403. But when a district court excludes evidence for reasons other than Rule 403, we may not conduct the balancing test for the first time on appeal. *Sprint/United States Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 386–87 (2008).

discretion to decide whether the evidence was relevant or required expert testimony, and the court never exercised that discretion. So we can affirm on alternative grounds only if it would have been an abuse of discretion to permit introduction of the evidence. *See Ashby v. McKenna*, 331 F.3d 1148, 1151 (10th Cir. 2003) ("[W]ith respect to a matter committed to the district court's discretion, we cannot invoke an alternative basis to affirm unless we can say as a matter of law that 'it would have been an abuse of discretion for the trial court to rule otherwise.'" (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994))).

Under this standard, we consider whether the district court had discretion to consider the methamphetamine evidence relevant without a foundation of expert testimony. The government argues that expert witness testimony was necessary to show that

- Mr. Garcia had been under the influence of methamphetamine during the fight and

- methamphetamine had caused his aggressive behavior.

The district court had discretion to credit these arguments, but the court also had discretion to reject them.

The necessity of expert testimony involves the principle of conditional relevance. Under this principle, a district court may exclude evidence if the jury could not reasonably find the existence of a preliminary fact essential to make the evidence relevant. *United States v.*

7

*Platero*, 72 F.3d 806, 814 (10th Cir. 1995). Though Mr. Tony had agreed not to present expert testimony, he might not have needed an expert witness for a reasonable jury to find that Mr. Garcia had been under the influence of methamphetamine. Methamphetamine had been found on Mr. Garcia's body and in his bloodstream. Together, this evidence supported an inference that Mr. Garcia was on methamphetamine, and lay witnesses may have been able to testify that he was high. So Mr. Tony might not have needed expert testimony to show that methamphetamine causes erratic, violent behavior. *See United States v. Foote*, 898 F.2d 659, 665 (8th Cir. 1990) ("[T]he effects of cocaine addiction on an individual's mental prowess were within the jury's common understanding.").

The district court ultimately had discretion to either (1) decline to exclude the evidence before hearing whether a lay witness would have testified that Mr. Garcia was under the influence of methamphetamine or (2) allow a lay witness to testify about the effect of methamphetamine on Mr. Garcia's behavior. Given this discretion, we cannot affirm on the government's alternative grounds. We thus conclude that the district court abused its discretion in excluding the evidence based on a clearly erroneous understanding that Mr. Tony had failed to identify a permissible purpose.

8

## V. The district court's error was not harmless.

Like other errors, abuses of discretion may be harmless. *See United States v. Vaughn*, 370 F.3d 1049, 1051 (10th Cir. 2004) ("[W]e review [the defendant's] evidentiary claims for an abuse of discretion, and if we find an abuse of discretion, we must determine whether the error was harmless."). But premature exclusion of the methamphetamine evidence was not harmless.

The government bears the burden of showing by a preponderance of the evidence that the error was harmless. *Id.*[4] The error would be harmless only if it did not substantially affect Mr. Tony's rights. *See United States v. Glover*, 413 F.3d 1206, 1210 (10th Cir. 2005) ("In non-constitutional harmless error cases, the government bears the burden of demonstrating, by

---

[4] In some published cases, we have said that *criminal defendants* asserting error bear the burden of proving an effect on their substantial rights. *United States v. Anaya*, 117 F.3d 447, 448–49 (10th Cir. 1997); *United States v. Mitchell*, 113 F.3d 1528, 1532 (10th Cir. 1997); *United States v. Messner*, 107 F.3d 1448, 1453 (10th Cir. 1997); *United States v. Arutunoff*, 1 F.3d 1112, 1118 (10th Cir. 1993). But both before and after these cases, we have held that the *government* bears the burden of showing harmlessness. *See, e.g.*, *United States v. Rivera*, 900 F.2d 1462, 1469 n.4 (10th Cir. 1990) ("[T]he government ordinarily has the burden of proving that a non-constitutional error was harmless."); *United States v. Harrison*, 743 F.3d 760, 764 (10th Cir. 2014) ("In non-constitutional harmless error cases, the government bears the burden of demonstrating . . . that the substantial rights of the defendant were not affected." (quoting *United States v. Keck*, 643 F.3d 789, 798 (10th Cir. 2011))).

a preponderance of the evidence, that the substantial rights of the defendant were not affected.").

At trial, Mr. Tony denied premeditation and asserted self-defense. The government focuses on the assertion of self-defense, arguing that the error was harmless because Mr. Tony could still urge self-defense based on Mr. Garcia's erratic and violent behavior. But the government does not address how the methamphetamine evidence might have affected Mr. Tony's denial of premeditation. Without any argument on premeditation, the government failed to satisfy its burden on harmlessness. We thus must reverse and remand for further proceedings.

**VI.    The appropriate remedy is vacatur of the conviction, not remand for consideration of the government's pretrial argument for exclusion under Rule 403.**

Given our need to reverse, we must decide the scope of the remand.[5] Before trial, the government argued in a motion in limine that the methamphetamine evidence was inadmissible under both Rule 404(b) and Rule 403. Given the exclusion under Rule 404(b), the court never decided whether to grant the motion in limine under Rule 403.

---

[5]    In his opening brief, Mr. Tony asked twice for a new trial based on the erroneous exclusion of methamphetamine evidence. Appellant's Opening Br. at 3, 39. In one place, Mr. Tony asked us to remand for the district court to consider the government's argument under Rule 403. In a supplemental letter, Mr. Tony reiterated that he is seeking a new trial (based on the evidentiary error) rather than a remand for consideration of the issue under Rule 403.

10

The government timely objected under Rule 403 and ordinarily would be entitled to a ruling on this objection. But the government prevailed on its other objection, obtaining exclusion of the methamphetamine evidence under Rule 404(b). Given this ruling, we must consider whether to

- remand for the district court to decide the admissibility of the methamphetamine evidence under Rule 403 or

- vacate the conviction and remand for a new trial.

Remanding for the district court to consider the motion in limine would be troublesome for two reasons.

First, the trial took place over two years ago. Deciding the Rule 403 issue now would require the district court to travel back in time and speculate how it would have ruled over two years ago, before hearing the trial evidence.

Second, remanding for consideration of the motion in limine would create a dilemma for the district court, which would have an overwhelming temptation to rationalize the exclusion of the methamphetamine evidence under Rule 403. *See Dodge v. Cotter Corp.*, 328 F.3d 1212, 1229 (10th Cir. 2003) ("We decline to entertain the possibility of a remand to the district court to make specific findings relative to these experts, for we think no district court would be well positioned to make valid findings given the overwhelming temptation to engage in post hoc rationalization of admitting the experts.").

For both reasons, we conclude that the appropriate remedy is vacatur of the murder conviction rather than remand to consider whether to grant the motion in limine based on Rule 403. *See Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 88 (1st Cir. 1998) (deciding that "the fairest course," when evidence of the victim's cocaine use was improperly excluded, was to order a new trial rather than remand for consideration of other evidentiary objections); *see also Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 465–66 (9th Cir. 2014) (en banc) (stating that the Court of Appeals would remand for a new trial when the district court erroneously excluded evidence even if the district court had failed to address a threshold requirement of admissibility).

We thus reverse with instructions to vacate the conviction on first-degree murder and to conduct a new trial on this charge.