FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL GUERRERO,

Defendant - Appellant.

No. 22-3053
(D.C. No. 2:09-CR-20088-JWL-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Michael Guerrero moved for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A)(i).  The district court denied his motion, and he appeals that

decision.  We affirm.

## *Background*

Since 2010 Guerrero has been serving a 235-month sentence for a drug

offense.  In 2021 he moved for compassionate release.  A court may reduce a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence under the relevant compassionate-release provision if "extraordinary and compelling reasons" warrant the reduction; the "reduction is consistent with applicable policy statements" from the Sentencing Commission; and after considering any applicable factors in 18 U.S.C. § 3553(a), the court determines that the circumstances of the case warrant a reduction. § 3582(c)(1)(A)(i); *see also United States v. Hald*, 8 F.4th 932, 937–38 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2742 (2022).

Guerrero's motion argued that two extraordinary and compelling reasons warranted his release. First, he suffers from medical conditions that increase his risk of severe illness if he contracts COVID-19. And his detention, he argued, increased his risk of contracting the virus. Second, his wife had been indicted and detained on a drug charge, forcing his two adult daughters to care for his three minor children and his minor stepchild. The adult daughters, he argued, "simply cannot" parent the minor children, evidenced by the recent commitment of Guerrero's minor son to a juvenile corrections facility. Aplt. App. at 35. He argued that he "is the *only* available family member capable of caring for" the children. *Id.* at 28.

The district court concluded that Guerrero did not present extraordinary and compelling reasons for his release. The court noted that Guerrero had already recovered from a COVID-19 infection and had received a vaccine against the virus. His vaccination, the court concluded, "significantly reduces the risk that he will experience a severe complication or death from another COVID-19 infection." *Id.* at 140. And the court opined that "the virus has been circulating so widely that

2

[Guerrero's] chances of contracting COVID-19 are likely the same whether he is in custody or out of custody." *Id.* As for Guerrero's family circumstances, the court concluded they were "not remotely akin to the family circumstances described as extraordinary and compelling by the Sentencing Commission or recognized by other courts in granting compassionate release." *Id.* at 141. And the court noted that Guerrero's "concerns for his children did not deter him from engaging in the conspiracy for which he is incarcerated and do not differentiate [him] from the vast majority of other defendants with children and families." *Id.* at 142. Having concluded that extraordinary and compelling reasons did not support Guerrero's release, the court denied his motion.

### *Discussion*

We review the district court's ruling for an abuse of discretion. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). A district court abuses its discretion if it relies on an incorrect legal conclusion or a clearly erroneous factual finding. *Id.*

The district court did not err when it concluded that Guerrero's medical conditions, combined with the pandemic, did not amount to an extraordinary and compelling reason to release him. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (agreeing "that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction").

As the court recognized, Guerrero's receiving a vaccine against COVID-19 reduced his risk of severe illness or death from the virus.

Even so, Guerrero argues that the court erred when it opined that "the virus has been circulating so widely that [his] chances of contracting COVID-19 are likely the same whether he is in custody or out of custody." Aplt. App. at 140. Guerrero makes a fair point, at least at first glance. After all, he cited to the district court a study finding that, during roughly the first year of the pandemic, COVID-19 incidence and mortality rates were higher among the prison population than the national population. At a minimum, we see no record support for a finding that Guerrero's release would not reduce his chances of contracting the virus.

After a closer look, however, we conclude that the court's statement did not amount to an abuse of discretion. We do not read the statement as a finding of empirical fact. The statement itself expresses uncertainty, saying only that the risks of infection in prison and in the community were *likely* the same. In the end, we think the statement merely reflects the court's opinion that Guerrero would have faced a significant risk of reinfection even in the community.

Even if we thought the court's risk assessment amounted to a clearly erroneous factual finding, however, we would not reverse. "Like other errors, abuses of discretion may be harmless."[1] *United States v. Tony*, 948 F.3d 1259, 1264 (10th Cir.

---

[1] The government does not argue that any error in the court's analysis was harmless. But we have discretion to initiate harmless-error review ourselves. *United States v. Spence*, 721 F.3d 1224, 1230 n.6 (10th Cir. 2013). We exercise that

2020). "An error is harmless unless it had a substantial influence on the outcome or leaves one in grave doubt as to whether it had such effect." *United States v. Vaughn*, 370 F.3d 1049, 1051 (10th Cir. 2004) (internal quotation marks omitted). We have no doubt the district court would have concluded that Guerrero's vaccination and prior infection alone left him without an extraordinary and compelling reason for release based on his medical conditions and the pandemic. The court's order makes clear that its opinion about the relative risks of infection in prison and in the community did not drive its analysis.

Nor did the district court err when in concluded that Guerrero's family situation did not create an extraordinary and compelling reason for his release. The record refutes Guerrero's argument that the district court misunderstood him to argue merely that "his incarceration had a negative impact on his family." Aplt. Br. at 26–27. The court's order accurately described Guerrero's argument before rejecting it, recognizing that Guerrero's wife had been indicted, that his adult children had been forced to care for his minor children, that they had been "struggling to do so effectively," and that his son had been placed in a juvenile corrections facility. Aplt. App. at 141.

Guerrero emphasizes that a Sentencing Commission policy statement says that extraordinary and compelling reasons for a reduced sentence include the "death or incapacitation of the caregiver of the defendant's minor child or minor children."

---

discretion here because the record is not complex, and the harmlessness of any error is not debatable. *See id.*

U.S. Sent'g Guidelines Manual § 1B1.13 cmt. 1(C)(i).  He argues that "incapacitation" under the policy statement includes not only medical incapacitation but also legal incapacitation such as his wife's detention.  He also argues that the court should have found his family circumstances to be an extraordinary and compelling reason for release under the policy statement's catch-all provision, § 1B1.13 comment 1(D).

To the extent Guerrero contends § 1B1.13 bound the district court's decision, he is mistaken.  When ruling on a compassionate-release motion, such as Guerrero's, filed by a defendant rather than the Director of the Bureau of Prisons, a district court's discretion is not currently restricted by any Sentencing Commission policy statements, for § 1B1.13 applies only to motions filed by the Director.  *Hald*, 8 F.4th at 938 n.4.

At the same time, though, "it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance."  *Id.*  The district court appears to have done that here, concluding that Guerrero's circumstances differed from those "described as extraordinary and compelling by the Sentencing Commission or recognized by other courts in granting compassionate release."  Aplt. App. at 141.  In Guerrero's view, the court mistakenly believed § 1B1.13 comment 1(C)(i) covers only medical incapacitation and not, say, legal incapacitation.  But the court did not hold that the comment categorically excludes all incapacitation other

than medical incapacitation.[2]  In our view, the court's order merely reflects its opinion that Guerrero's circumstances were not extraordinary and compelling compared to other, perhaps more typical cases of caregiver incapacitation.  And although the court noted that Guerrero's family members did not need medical care, contrary to Guerrero's argument, the court did not hold that he "had to show evidence of medical incapacitation" to establish an extraordinary and compelling reason for release.  Aplt. Br. at 25.

At bottom, the district court simply concluded that the circumstances Guerrero presented did not "amount to an extraordinary and compelling reason to reduce his sentence."  Aplt. App. at 142.  The court had discretion to determine for itself what constitutes an extraordinary and compelling reason for release, *see United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021), and it did not abuse that discretion.

Guerrero lastly argues the district court disregarded his release plan.  But nothing in the court's order suggests it disregarded any of Guerrero's evidence or arguments.  Guerrero offered two potential extraordinary and compelling reasons for his release:  his increased risk of severe disease from COVID-19 and his family circumstances.  Aplt. App. at 129–30.  After concluding these circumstances did not amount to extraordinary and compelling reasons to release him, the court had no reason to discuss his release plan.

---

[2] We express no opinion about whether a caregiver's incarceration qualifies as "incapacitation" under § 1B1.13 comment 1(C)(i).  We need not resolve that issue because § 1B1.13 does not apply to Guerrero's motion and because the district court did not expressly hold that "incapacitation" means medical incapacitation.

*Conclusion*

We affirm the district court's order.

Entered for the Court

Nancy L. Moritz
Circuit Judge