**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 3, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANGEL D. VICTORINO,

    Plaintiff - Appellant,

v.

TERRY JACQUES, L.C.F. Warden;
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Defendants - Appellees.

No. 25-1172
(D.C. No. 1:23-CV-02423-LTB-SBP)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

Angel D. Victorino is a Colorado state prisoner convicted of sexual offenses. Proceeding pro se,[1] he filed a 28 U.S.C. § 2254 application presenting 61 claims for relief. The district court dismissed the application, and this court denied him a certificate of appealability (COA). *Victorino v. Jacques*, No. 24-1272, 2025 WL 447708, at *1 (10th Cir. Feb. 10, 2025).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Victorino proceeds pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Victorino then filed a motion under Fed. R. Civ. P. 60(b) with the district court. The district court denied his motion. To appeal the denial of his Rule 60(b) motion, he requires a COA. We deny a COA and dismiss this matter.

I.

In 2009, a Colorado jury convicted Victorino of sexual offenses and being a habitual criminal. The Colorado courts affirmed his conviction. He then spent over a decade pursuing post-conviction relief, including a motion under Colo. R. Crim. P. 35(b) to reconsider his sentence and two petitions for postconviction relief under Colo. R. Crim. P. 35(c). Following the denial of his second Rule 35(c) motion, he filed this § 2254 application in federal district court.

After obtaining pre-answer briefing from the parties, a magistrate judge reviewed the § 2254 application and divided Victorino's claims into two groups: those that had accrued before his judgment of conviction became final, referred to as the "Pre-Judgment Claims," and those that accrued after his judgment of conviction became final, referred to as the "Post-Conviction Claims." The magistrate judge then conducted a thorough review of the timeliness of his Pre-Judgment Claims under 28 U.S.C. § 2244(d).

Section 2244(d) prescribes a one-year limitations period for filing a § 2254 application but tolls that period during the time when a properly filed application for state post-conviction or collateral review is pending. The magistrate judge carefully analyzed Victorino's eleven-year odyssey through state post-conviction proceedings and concluded he had missed the one-year § 2254 filing deadline by at least two days. She therefore recommended dismissing the Pre-Judgment Claims as untimely. She also recommended

2

dismissing the Post-Conviction Claims because they were not cognizable as federal habeas claims.

Over Victorino's objections, the district court adopted the magistrate judge's report and recommendation and dismissed his application. He filed a motion to reconsider the dismissal under Fed. R. Civ. P. 59(e), but the district court denied that motion as untimely.

Victorino appealed from the district court's judgment. We concluded we lacked jurisdiction to consider his request for a COA to appeal the denial of his § 2254 application because his notice of appeal from that denial was itself untimely. *Victorino*, 2025 WL 447708, at *1. Although he had timely appealed the denial of his Rule 59(e) motion, we denied a COA pertaining to that denial because he failed to show that the district court's decision to deny the motion as untimely was reasonably debatable. *See id.* at *3.

Victorino then filed the Rule 60(b) motion at issue in this appeal. His motion once again challenged the district court's timeliness calculations pertaining to his § 2254 application. And he again argued that the district court had erred by not affording him the benefit of Colorado's "prison mailbox rule" to calculate the filing dates of his post-conviction proceedings. The district court concluded Victorino had not shown his entitlement to Rule 60(b) relief. It rejected his argument that extraordinary circumstances warranted relief based on his use of the prison mail system. The district court concluded he was merely revisiting arguments that had already been "thoroughly discussed,

analyzed, and resolved by the Court." R. at 934. It therefore denied his Rule 60(b) motion.

II.

To appeal from the district court's denial of his Rule 60(b) motion, Victorino requires a COA. *See* 28 U.S.C. § 2253(c)(1)(A).[2] When, as here, "the district court denies a habeas petition on procedural grounds," the petitioner may obtain a COA by "show[ing], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the validity of his constitutional claims if we conclude that reasonable jurists would not debate the district court's procedural ruling. *Id.* at 485.

"[A]n appeal from denial of Rule 60(b) relief raises for review only the district court's order of denial and not the underlying judgment itself." *Lebahn v. Owens*, 813 F.3d 1300, 1305 (10th Cir. 2016) (internal quotation marks omitted). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Rule may not be

---

[2] Victorino's Rule 60(b) motion is a "true" 60(b) motion, because it "challenges . . . a procedural ruling of the habeas court which precluded a merits determination of the habeas application." *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006). He therefore does not require authorization to pursue his motion and this appeal as a second-or-successive § 2254 application. *See id.* at 1217.

4

used to revisit arguments already considered or to raise new arguments that could have been raised previously. *See id.*

We review a district court's order denying relief under Rule 60(b) for an abuse of discretion. *Id.* at 1242-43. Thus, when we combine the abuse-of-discretion standard with the procedural portion of the COA standard, the question before us becomes whether jurists of reason would find it debatable that the district court abused its discretion when it denied Victorino's Rule 60(b) motion. *See Buck v. Davis*, 580 U.S. 100, 122-23 (2017) (discussing standard).

## A.

By way of background, the timeliness issue here depends on the dates when two of Victorino's post-conviction motions were considered properly filed: his motion under Colo. R. Crim. P. 35(b) and his first Colo. R. Crim. P. 35(c) motion. Victorino previously argued to the district court that under Colorado's prison mailbox rule, his Rule 35(b) motion was filed on August 30, 2012. But the district court determined the record did not support application of the state's prison mailbox rule. It therefore held the motion was filed when the state court received it, on September 6, 2012. Similarly, the district court used the date the Colorado trial court received Victorino's first Rule 35(c) motion, March 25, 2013, as the filing date. It rejected his contention that he had provided it to the prison authorities through the legal mail system earlier, on March 19.

If either of the dates Victorino advanced for his filings is correct, his § 2254 application would be considered timely because it would move up the date for when his state post-conviction motions were considered filed to an earlier date, which would

5

increase the number of days those motions were pending.  And "[t]he time during which a properly filed application for State post-conviction or other collateral review is pending shall not be counted toward" the one-year statute of limitation for filing a § 2254 habeas application.  § 2244(d)(2).

We have held that "state law must determine when a state habeas petition [or other State post-conviction motion] is considered filed."  *Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir. 2020).[3]  Colorado's prison mailbox rule permits a court to consider a document filed as of the date it was deposited in the institution's internal mailing system.  *See* Colo. R. Crim. P. 45(f).  But to benefit from this rule, the inmate must use the institution's system designed for legal mail.  *See id.*; *see also* Colo. R. Civ. P. 5(f) (stating similar civil rule).  "[I]f the facility at which plaintiff was incarcerated had a 'legal mail system,'" but he did not use that system "then, presumably, [Colorado's] general rule pertains, and the complaint is not filed until received by the clerk of the court."  *Wallin v. Cosner*, 210 P.3d 479, 481 (Colo. App. 2009) (discussing Colo. R. Civ. P. 5(f)).  It is undisputed that the facility where Victorino was incarcerated had a system designed for legal mail.

---

[3] Victorino's reliance on the federal mailbox rule is misplaced because we have held that "the federal mailbox rule . . . does not apply to § 2244(d)(2) for purposes of determining when the tolling period for a properly-filed state petition begins."  *Adams*, 223 F.3d at 1181.

B.

Victorino argues a new declaration filed with his Rule 60(b) motion established

both his use of the facility's legal mail procedure and the dates on which he used it.[4]  His

declaration was not based on newly discovered evidence; instead, it merely reiterated

what Victorino had claimed all along about his use of the prison mail system.  The

district court determined the declaration did not warrant Rule 60(b) relief because

Victorino merely "attempt[ed] to revisit arguments already considered or to raise new

arguments that could have been raised previously."  R. at 935.

Victorino argues the district court's reasoning is flawed because the court had not

in fact "already considered" his argument.  He cites language he included in an earlier

pleading stating, "The Petitioner, Angel D. Victorino, assures this court under 'Penalty of

Perjury', that every legal document that's been mailed to any court while at custody in

[the Department of Corrections], was indeed deposited through the legal mail system,

---

[4] His declaration, sworn under penalty of perjury, stated in pertinent part:

   1. On Aug. 30, 2012, I did in fact give my Rule 35(b) motion to a
D.O.C. officer for inspection, per D.O.C. Administrative Rules, using
Limon Correctional's legal mail system.  It was then mailed out through the
U.S. Postal Service.  Postage prepaid, first-class.

   2. On March 19, 2013, I did in fact give my first Rule 35(c) motion
to a D.O.C. officer for inspection, per D.O.C. Administrative Rules, using
Limon Correctional's legal mail system.  It was then mailed out through the
U.S. Postal Service.  Postage pre-paid, first-class.

R. at 922.

7

postage prepaid." *Id.* at 808. He claims that when entering the original judgment against him, the district court failed to consider this declaration.

But we disagree that the district court failed to consider the prior declaration. Although the magistrate judge treated it as an "assurance" from Victorino rather than a formal declaration, *see id.* at 851, she went on to explain why his statement did not warrant a conclusion that he had used the prison mail system on the dates he had claimed. First, the declaration was so general, applying to every legal document he had ever filed while in custody, that it did not establish the actual date he used the system for any particular document. Second, other evidence contradicted Victorino's declaration. Although he stated that he had used the prison mail system for *every* legal document that he had ever filed while in custody, the certificate of mailing for his Rule 35(b) motion stated that the motion was placed in the U.S. mail, first class postage prepaid, and did not refer to the prison mailbox rule. For these reasons, the magistrate judge considered, but rejected, the prior declaration.

In his objections to the magistrate judge's recommendation, Victorino attempted to bolster the declaration by supplying reasons "why [he] states under 'Penalty of Perjury,' that he has filed every legal document through the facility's legal mail system." *Id.* at 864. But the district court analyzed and rejected Victorino's additional reasoning. *See id.* at 898-99. Thus, the district court's reasoning in denying the Rule 60(b) motion was correct, because both the magistrate judge and the district court considered the arguments Victorino had made about his prior declaration.

C.

Victorino also attached another piece of evidence to his Rule 60(b) motion: a certified copy of an envelope postmarked February 11, 2013, which he claimed was newly discovered. He asserted this envelope showed that he had used the prison mail system to request a trial record prior to filing his first Rule 35(c) motion. Although the envelope did not directly relate to the Rule 35(c) motion, Victorino argued it proved that he was using the prison's legal mail system approximately a month before he filed that motion, and it would therefore make no sense for him not to have also used that same system to mail the Rule 35(c) motion.

The district court determined that Victorino's arguments about the envelope had "already been considered in this case," and "[t]he postmark date of February 11 on the envelope does not establish that Petitioner should receive the benefit of Colorado's prison mailbox rule for this filing or any other." *Id.* at 935. Victorino argues that by focusing on the postmark date and his previous arguments about the record request—which concerned whether he was entitled to statutory tolling for the time he sought to obtain the record, *see id.* at 853-54—the district court missed the point of his argument.

The district court's analysis appears ambiguous about whether it actually understood and addressed Victorino's argument that the envelope showed he used the prison legal mail system on February 11, 2013, and he must therefore also have used it about a month later, on March 19, 2013, to mail his first Rule 35(c) motion. *See* R. at 914-15 (Victorino's argument). To be sure, in discussing the envelope, the district court acknowledged Victorino's contention that because he had used the prison legal mail

9

system on February 11, 2013, "it would be illogical for him not to have used the same system for his other filings." *Id.* at 935. And it ultimately concluded he should not receive the benefit of the prison mailbox rule "for this filing *or any other*." *Id.* (emphasis added). Nevertheless, the court did not directly address the argument Victorino made in his motion.

But even if the district court misunderstood Victorino's argument, its ultimate decision to deny Rule 60(b) relief based on this envelope was not a debatable abuse of discretion. *See Davis v. Roberts,* 425 F.3d 830, 834 (10th Cir. 2005) (noting our discretion to deny COA on any ground supported by the record).[5] Nothing requires a court to infer from the envelope that Victorino must have used the prison mailing system for his subsequent Rule 35(c) filing, particularly when the certificate of service for the Rule 35(c) filing does *not* reflect his use of the prison mail system. *See* R. at 883. Reasonable jurists would therefore not debate the district court's conclusion that the February 2013 envelope does not show Victorino was entitled to the benefit of the prison mailbox rule for his first Rule 35(c) filing in March 2013.

---

[5] Where the district court's decision requires the exercise of discretion, we can ordinarily only affirm the denial of discretionary relief on an alternative ground if we can say that it would have been an abuse of discretion to *grant* relief. *United States v. Tony*, 948 F.3d 1259, 1263 (10th Cir. 2020). Assuming that rule applies to the Rule 60(b) determination here, we conclude that it is beyond reasonable debate that it would have been an abuse of discretion to grant Rule 60(b) relief based on the February 2013 envelope and Victorino's unsupported inferences from it.

10

D.

Finally, Victorino asserts that the district court should have simply used the dates provided in his certificates of service, without requiring further proof. But these certificates did not establish his use of the prison mail system, which he was required to use to obtain the benefit of the prison mailbox rule. He also alludes in his brief to various constitutional provisions, court procedures, and federal rules. His arguments are insufficiently developed for our review and/or inapplicable under the circumstances, and therefore meritless. We therefore decline to address them further.

III.

Reasonable jurists could not debate the district court's denial of Victorino's Rule 60(b) motion. We therefore deny a COA and dismiss this matter. We grant Victorino's motion to proceed on appeal without prepayment of costs and fees.

Entered for the Court

Carlos F. Lucero
Senior Circuit Judge