FILED
United States Court of Appeals
Tenth Circuit

April 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CHRISTOPHER LUCERO,

      Defendant-Appellant.

No. 12-2132

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 1:CR-02-00566-LH-1)**

Submitted on the briefs:

Stephen P. McCue, Federal Public Defender, Albuquerque, New Mexico, for
Defendant-Appellant.

Kenneth J. Gonzales, United States Attorney, and Jennifer M. Rozzoni, Assistant
United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

Before **BRISCOE**, Chief Judge, **SEYMOUR** and **LUCERO**, Circuit Judges.

**BRISCOE**, Chief Judge.

Christopher Lucero appeals the district court's denial of his motion to

reduce his sentence, which he filed pursuant to 18 U.S.C. § 3582(c)(2). Lucero,

who was sentenced before the effective date of the Fair Sentencing Act (FSA), asserts that the district court erred in failing to apply the FSA and its current statutory mandatory minimum sentencing scheme retroactively to reduce his sentence for possession of cocaine base. Specifically, Lucero raises the question of whether the "reduced crack cocaine mandatory minimum sentences of the [FSA] apply retroactively when a district court adjudicates a motion to reduce sentence filed pursuant to 18 U.S.C. § 3582(c)(2) by a defendant who was originally sentenced prior to the effective date of the FSA." Aplt. Br., at 1. At the heart of Lucero's argument lies the issue of whether the reduction of his sentence post FSA is a sentencing to which the FSA's reduced mandatory minimums apply. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.[1]

I

In 2003, Lucero pled guilty to two charges: possession of more than fifty grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (Count 1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (Count 2). R. Vol. 1, at 13. At the time of his sentencing, the offense level that corresponded to the

---

[1]  On January 29, 2013, Lucero filed an unopposed motion to waive oral argument, which this court granted. See Fed. R. App. P. 34(a)(2), (f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

2

126.3 grams of cocaine base attributed to Lucero was 32. U.S.S.G. § 2D1.1(c)(4) (2002). After a three level offense reduction for his acceptance of responsibility, Lucero's sentencing guideline range on Count 1 was 121 to 151 months. Pursuant to 21 U.S.C. § 841(b)(1)(A), Lucero's possession of 126.3 grams of cocaine base resulted in a mandatory minimum sentence of ten years' imprisonment. On February 26, 2003, the district court sentenced Lucero to 121 months' imprisonment on Count 1, possession of 126.3 grams of cocaine base, and 60 months' imprisonment on Count 2, firearm possession, to be served consecutively for a total sentence of 181 months. R. Sealed Vol. 1, at 21.

In 2007, the Sentencing Commission amended the guidelines to reduce the offense level for possession of cocaine base by two levels, and directed retroactive application of the amendment. See U.S.S.G. app. C, amends. 706, 713. Arguing his sentence on Count 1 was reduced by these amendments, Lucero filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). By applying these amendments to Lucero's sentence, his new guideline range would be 120 to 125 months on Count 1. Accordingly, Lucero sought a reduction of his sentence on Count 1 to 120 months, the statutory mandatory minimum. R. Vol. 1, at 26. While the government did not oppose this motion, the court nevertheless denied it after considering factors of public safety and Lucero's post-sentencing conduct in prison. See 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.10 cmt. n.1(B) (2008).

In 2010, Congress passed the FSA to remedy the 100 to 1 ratio disparity contained in the sentencing guidelines for defendants sentenced for crimes involving cocaine base and cocaine powder. As is pertinent to the present case, the FSA increased the amount of cocaine base necessary to trigger the ten-year mandatory minimum from 50 grams to 280 grams. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The FSA mandated that the Sentencing Commission amend the sentencing guidelines to reflect this change. The Sentencing Commission complied by further amending the guidelines to reduce the offense level for possession of cocaine base, and again directed retroactive application of the amendment. See U.S.S.G. app. C, amends. 750, 759. Under these amendments, Lucero's base offense level on Count 1 would be reduced to 28.

On July 2, 2012, Lucero filed a second motion to reduce his sentence under § 3582(c)(2), arguing that the FSA, subsequent guideline amendments, and the Supreme Court's decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), "compel[led] application of the new [FSA] mandatory minimums to Mr. Lucero." R. Vol. 1, at 33. Lucero argued that his possession of 126.3 grams now fell below the 280 gram amount required to trigger the statutory ten-year mandatory minimum, resulting in a new sentence guideline of 84 to 105 months on Count 1. If the FSA were to apply, Lucero's statutory mandatory minimum sentence would be reduced from ten years' imprisonment to five years' imprisonment.

4

The district court denied Lucero's motion after concluding that the statutory mandatory minimum in effect when Lucero was sentenced continued to apply to him. Because the applicable statutory mandatory minimum remained ten years, the district court determined that it lacked authority under § 3582(c)(2) to modify Lucero's sentence to reflect the FSA's new mandatory minimum sentence requirements. The court did consider, sua sponte, Lucero's positive change in behavior, and granted its own § 3582(c)(2) motion to reduce Lucero's sentence on Count 1 by one month to the statutory mandatory minimum of 120 months. Id. at 37-38. Lucero now appeals the court's denial of his § 3582(c)(2) motion.

## II

"The scope of a district court's authority in a []sentencing [modification] proceeding under § 3582(c)(2) is a question of law that we review de novo." United States v. Rhodes, 549 F.3d 833, 837 (10th Cir. 2008). We review a denial of a § 3582(c)(2) motion for abuse of discretion. United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008).

## III

Generally, federal courts are prohibited from "modify[ing] a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(2) allows a court to modify a sentence previously imposed when the sentencing range used in the initial sentencing is subsequently lowered by the Sentencing Commission. In such circumstances, the court may modify a sentence

5

after it considers the § 3553(a) factors, to the extent they are applicable, so long as the reduction is consistent with the Commission's policy statements. § 3582(c)(2).

However, "in many cases, the operation of the statutory minimum sentence will preclude a sentence reduction under 18 U.S.C. § 3582(c)(2)." United States v. Osborn, 679 F.3d 1193, 1195 n.1 (10th Cir. 2012). A sentence reduction under § 3582(c)(2) "is not authorized . . . and is not consistent with [U.S.S.G. § 1B1.10's] policy statement if . . . an [applicable] amendment . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011). Section 3582(c)(2) proceedings "do not constitute a full resentencing of the defendant," and the authority of district courts to recalculate a sentence is limited to that part of the sentence affected by a retroactively applicable amendment to the Guidelines. U.S.S.G. § 1B1.10(a)(3) (2011); see United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013) (discussing the narrow authority granted sentencing courts to modify sentences).

We are not persuaded by the arguments Lucero raises for retroactive application of the FSA. Lucero primarily argues that the reasoning of the Supreme Court's decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), warrants application of the FSA to a defendant's post-FSA § 3582(c)(2) motion.

6

But, as numerous courts have determined,[2] the exception outlined in <u>Dorsey</u> is limited to sentences imposed post-FSA, and does not extend to adjudications of motions to reduce sentences entered post-FSA. The Court's holding in <u>Dorsey</u> narrowly applies to post-FSA sentencing for pre-FSA conduct. <u>See, e.g.</u>, 132 S. Ct. at 2333-35 (noting the disparities between defendants sentenced before and after the FSA "reflect[ ] a line-drawing effort, [that] will exist whenever Congress enacts a new law changing sentences," and that "in federal sentencing the ordinary practice is to apply new penalties to defendants <u>not</u> <u>yet</u> <u>sentenced</u>, while withholding that change from defendants already sentenced" (emphasis added)).

In the present case, Lucero was sentenced for purposes of the FSA on February 26, 2003. This court has ruled in several cases that the FSA does not retroactively apply to defendants who were initially sentenced before the FSA's effective date of August 3, 2010.[3] <u>United States v. Lewis</u>, 625 F.3d 1224, 1228

_____

[2] <u>See, e.g.</u>, <u>United States v. Foster</u>, 706 F.3d 887, 888 (7th Cir. 2013) (affirming district court's denial of § 3582(c)(2) motion to reduce pursuant to FSA when the defendant was sentenced prior to the FSA's enactment, and stating that "[a]t least six other circuits have agreed [with that conclusion] in nonprecedential decisions issued after <u>Dorsey</u>[, with n]o court of appeals [holding] otherwise"). Several pre-<u>Dorsey</u> cases reached the same result. <u>See</u>, <u>United States v. Baptist</u>, 646 F.3d 1225, 1229 (9th Cir. 2011) (collecting cases holding the FSA did not apply to defendants sentenced prior to August 2010).

[3] This court has also rejected Lucero's argument in a very recent unpublished opinion. In <u>United States v. Randle</u>, No. 12-5010, 2013 WL 264560, at *3 (10th Cir. Jan. 24, 2013), a panel of this court affirmed the district court's denial of the defendant's § 3582(c)(2) motion for a reduced sentence pursuant to the FSA's statutory minimums because the defendant was sentenced prior to the

(continued...)

7

(10th Cir. 2010) (stating that the FSA was not retroactive), <u>overruled in part by</u> <u>Dorsey</u>, 132 S. Ct. at 2326; <u>Osborn</u>, 679 F.3d at 1195 n.1 (applying pre-FSA statutory mandatory minimum to § 3582(c)(2) motion to reduce sentence filed pursuant to Amendment 750); <u>United States v. Cornelius</u>, 696 F.3d 1307, 1328 (10th Cir. 2012) ("We have squarely held that the FSA does not apply retroactively," and this "ruling is consistent with <u>Dorsey</u>") (citing <u>Lewis</u>, 625 F.3d at 1228).

Lucero argues <u>Cornelius</u> and <u>Lewis</u>, both direct appeals following initial sentencings, are distinguishable because he seeks application of the FSA to reduce a mandatory minimum sentence by filing a motion to modify his sentence under § 3582(c)(2). He argues this distinction warrants a different result because the FSA applies to "current" sentencing and the district court's ruling on a § 3582(c)(2) motion is such a "sentencing proceeding." Aplt. Reply Br., at 4 (citing <u>United States v. Phillips</u>, 597 F.3d 1190, 1198 (11th Cir. 2010)).

This argument is not persuasive. As Lucero recognizes, § 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." <u>Dillon v. United States</u>, 130 S. Ct. 2683, 2691

---

[3](...continued)
FSA's effective date. <u>Id.</u> In that case, Randle pled guilty to, inter alia, one count of possession of more than 50 grams (specifically, 176 grams) of cocaine base, and asserted the same arguments Lucero presently raises. The panel rejected Randle's argument as "contrary to controlling case law." <u>Id.</u> at *3 (citing <u>Osborn</u>, 679 F.3d at 1195 n.1; and <u>United States v. Cornelius</u>, 696 F.3d 1307, 1328 (10th Cir. 2012)).

(2010). The Supreme Court has rejected Lucero's characterization of § 3582(c)(2) motion as a "resentencing," which it found to be contrary to that section's plain language. Id. at 2690-91. Accordingly, a sentencing court's ruling on a § 3582(c)(2) motion amounts only to modification of an otherwise final sentence. Id. at 2691.

Sentence modification under § 3582(c) does not amount to "resentencing," and a district court does not have discretion to sentence below the statutorily mandated minimum sentence that applied when the defendant was initially sentenced. See Cornelius, 696 F.3d at 1326-27; see also United States v. Berry, 701 F.3d 374, 377-78 (11th Cir. 2012) (affirming denial of a § 3582(c)(2) motion to reduce sentence because "[n]othing in the FSA extinguishes the statutory mandatory minimum sentence or penalty already imposed in Berry's case before the FSA's enactment"). Accordingly, the district court did not have authority to grant Lucero's motion to reduce his pre-FSA sentence below the mandatory minimum sentence that was applicable at his sentencing in 2003.

IV

We AFFIRM the district court's denial of Lucero's § 3582(c)(2) motion to reduce his sentence.