FILED
**United States Court of Appeals
Tenth Circuit**

**July 29, 2014**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DONNELL FRANCIS TIMLEY,

    Defendant - Appellant.

No. 13-3325
(D.C. No. 5:07-CR-40031-JAR-1)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Defendant Donnell Timley filed a motion to modify his sentence under 18 U.S.C.

§ 3582(c)(2). He had pleaded guilty to possessing with the intent to distribute about 74

grams of cocaine base, and on June 9, 2008, he was sentenced to 240 months'

imprisonment, the statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A) (2006)

---

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

because the conviction was for more than 50 grams of cocaine base and Defendant had a prior felony drug conviction. Defendant's § 3582 motion alleged that the Fair Sentencing Act (FSA), which reduced the statutory minimum sentences and guideline ranges for crack-cocaine offenses, applied retroactively and his sentence was eligible for a reduction. The district court denied the motion. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.     ANALYSIS

The FSA took effect in 2010. It sought to remedy sentencing disparities "for defendants sentenced for crimes involving cocaine base and cocaine powder" by decreasing statutory minimum sentences and requiring the Sentencing Commission to amend guideline ranges. *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013) *cert. denied,* 134 S. Ct. 287 (2013). In particular, the pre-FSA statutory minimum sentence for Defendant was 20 years, *see* 21 U.S.C. § 841(b)(1)(A) (2006); but if he committed the same offense now, it would be 10 years, *see id.* § 841(b)(1)(B) (2012). That change in statutory minimums was not retroactive to sentences imposed before the effective date of the FSA. *See Lucero*, 713 F.3d at 1027–28.

"Section 3582(c)(2) allows a court to modify a sentence previously imposed when the sentencing range used in the initial sentencing is subsequently lowered by the Sentencing Commission." *Id.* at 1026. But Defendant's sentencing range has not been lowered. USSG § 5G1.1(b) provides that the "statutorily required minimum sentence shall be the guideline sentence" when it "is greater than the maximum of the applicable

guideline range." Because Defendant's otherwise applicable guidelines range was below the statutory minimum, his guidelines sentence was precisely 240 months under the pre-FSA law and it remains so today. *See id.* § 1B1.10 cmt. 1(A) (reduction in sentence under § 3582(c)(2) is not authorized when amendment to guidelines applies to the defendant but does not reduce his applicable guideline range because of the operation of a statutory minimum). As we stated in *Lucero*, "[A] district court does not have discretion to sentence below the statutorily mandated minimum sentence that applied when the defendant was initially sentenced." 713 F.3d at 1028. Accordingly, Defendant's motion was properly denied.

## II. CONCLUSION

We AFFIRM the decision of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

3