**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HECTOR MOREIRA,

    Defendant - Appellant.

No. 16-3261
(D.C. No. 2:06-CR-20021-KHV-JPO-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Hector Moreira was convicted in 2007 of multiple violations of 21 U.S.C.

§ 841(a)(1) and 18 U.S.C. § 2 for his role in a drug-trafficking conspiracy. The

district court sentenced him to life in prison. In June 2016, Moreira filed a motion for

sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendments

782 and 788. Moreira asserted that Amendment 782, when applied retroactively to

his sentence, would reduce his offense level and result in a lower Guidelines range.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument wouldn't materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment isn't binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

The district court dismissed Moreira's motion, correctly noting that the 4.89 kilograms of actual methamphetamine attributed to Moreira corresponds to a base offense level of 38 under Amendment 782—the same level under which he was originally sentenced. *See* U.S.S.G. §2D1.1(c) (setting base offense level of 38 for 4.5 kilograms or more of actual methamphetamine). Because Amendment 782 didn't lower Moreira's original sentencing range, the district court concluded he isn't eligible for relief under § 3582(c)(2). See *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013) (noting that § 3582(c)(2) allows court to modify previously imposed sentence only if Sentencing Commission lowers sentencing range used in initial sentencing).

Proceeding pro se,[1] Moreira appeals the district court's dismissal of his motion. But Moreira doesn't dispute the district court's conclusion that he isn't eligible for relief under § 3582(c)(2) in light of the quantity of actual methamphetamine that the PSR attributed to him. Instead, for the first time, he attacks the attribution itself. He argues that, at his sentencing hearing, "there was no analysis of drug quantities to be attributed to him" and that the district court "failed to engage in an individualized assessment of drug quantities attributed to [Moreira]." Aplt. Br. 9.

However, § 3582(c)(2) doesn't create a forum to relitigate a defendant's original sentencing hearing. *See Dillon v. United States*, 560 U.S. 817, 826 (2010)

---

[1] Because Moreira proceeds pro se, we liberally construe his filings. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But it's not our role to act as his advocate. *Id.*

2

(holding that § 3852(c) doesn't provide for "plenary resentencing proceeding").

Moreira's attribution challenge is thus outside the scope of this proceeding.[2] And

even if it weren't, we would decline to consider this argument, and Moreira's

additional arguments, because he failed to raise them below and fails to argue for

plain-error review on appeal. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131

(10th Cir. 2011).

We affirm the district court's dismissal of Moreira's motion for sentence

reduction, and we grant Moreira's motion for leave to proceed in forma pauperis.[3]


Entered for the Court


Nancy L. Moritz
Circuit Judge

---

[2] Moreira cites an unpublished district court decision to support his argument
that § 3582(c) permits a court to "revisit the quantity of [drugs] attributed to [the
defendant] in the original sentencing hearing." Aplt. Rep. Br. 2 (citing *United States
v. Miller*, No. 4:89-CR-120, 2010 U.S. Dist. LEXIS 79763 (D. Minn. Aug. 5, 2010)).
But the court in *Miller* simply recalculated the defendant's sentence based on the
original attribution; it didn't make new attribution findings. *See Miller*, 2010 U.S.
Dist. LEXIS 79763, at *5.

[3] Because we affirm the district court's dismissal on the merits, we deny as
moot the government's motion to dismiss.