**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 17, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS RAMON-PEREZ,

Defendant-Appellant.

No. 16-1369
(D.C. No. 1:13-CR-00046-PAB-4)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

This appeal involves Mr. Carlos Ramon-Perez's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). In district court, Mr. Ramon-Perez argued that his sentence should be reduced based on a new amendment to a sentencing guideline. The court rejected this argument,

---

[*]    The parties do not request oral argument, and we conclude that oral argument would not materially assist in the determination of this appeal. Thus, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

noting that the court had already taken the amendment into account when sentencing Mr. Ramon-Perez. In our view, this ruling fell within the district court's discretion.

On appeal, Mr. Ramon-Perez also presents a new argument, stating that the district court improperly calculated the base-offense level at the original sentencing. We reject this argument, for the alleged error lies outside the scope of a proceeding authorized by 18 U.S.C. § 3582(c)(2).

## I.    Mr. Ramon-Perez pleaded guilty and moved to reduce his sentence.

Mr. Ramon-Perez pleaded guilty to a drug-conspiracy charge. The parties anticipated that the U.S. Sentencing Commission was about to amend the guidelines, which would lower the guideline range for Mr. Ramon-Perez. In a plea agreement, the parties agreed that Mr. Ramon-Perez should receive the benefit of the forthcoming amendment. The district court accepted the agreement, sentencing Mr. Ramon-Perez as if the amendment had already taken effect.

After the amendment took effect, Mr. Ramon-Perez moved to reduce his sentence based on the amendment. The court declined, explaining that it had already considered the amendment at the original sentencing. Mr. Ramon-Perez appealed.

2

**II.    Through two preliminary arguments, the government urges us not to reach the merits of the appeal.**

The government asks us not to reach the merits of the appeal, presenting two preliminary arguments:

1.    The appeal should be dismissed because Mr. Ramon-Perez was late in filing the notice of appeal.

2.    Mr. Ramon-Perez waived his right to this appeal in the plea agreement.

We reject the first argument and decline to reach the second argument, holding instead that this argument fails on the merits.

The government urges dismissal of the appeal, arguing that the notice of appeal was late. We agree that the notice of appeal was late, but this defect may be excused if the government forfeits the issue of timeliness. *United States v. Garduno*, 506 F.3d 1287, 1290-91 (10th Cir. 2007). Here the government forfeited the issue.

The government mentioned the violation in two documents. One was a motion to dismiss. But this motion was itself late, violating Rule 27.3(3)(a) of the Tenth Circuit Rules. The government also alluded to the violation in a single sentence, referring to the untimely motion to dismiss: "But as argued in the Motion to Dismiss filed November 2, 2016, the Notice of Appeal is not timely." Appellee's Ans. Br. at 2. This sentence, referring to an untimely motion that we have declined to consider, did not adequately present the government's argument on

3

timeliness. Because the government forfeited this issue, we decline to dismiss the appeal.[1]

The government also argues that Mr. Ramon-Perez waived his right to this appeal in the plea agreement. We need not consider this argument, for Mr. Ramon-Perez's appeal fails on the merits.

## III.   The district court did not abuse its discretion.

Mr. Ramon-Perez brought his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). In applying this statute, the district court had discretion to lower Mr. Ramon-Perez's sentence based on the new guideline amendment. The district court denied this motion.

We review this denial for an abuse of discretion. *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013).

At sentencing, the district court expressly relied on the forthcoming amendment. Thus, after the amendment took effect, the district court reasonably concluded that Mr. Ramon-Perez had already

---

[1]    The government alleges that the motion to dismiss was mailed to Mr. Ramon-Perez. But according to Mr. Ramon-Perez and the mailroom supervisor at the prison, this motion never arrived. Mr. Ramon-Perez argues that we should strike the motion to dismiss based on lack of service. Because we are denying the motion on other grounds, we need not address Mr. Ramon-Perez's argument.

benefited from the amendment. This ruling fell within the district court's discretion,[2] and we affirm.

## IV. Mr. Ramon-Perez's new argument fails on the merits.

On appeal, Mr. Ramon-Perez presents an argument that he did not make in district court: During sentencing, the district court erred by improperly calculating his base-offense level. We reject this argument.

Mr. Ramon-Perez's base-offense level was not affected by the guideline amendment. Thus, this alleged error falls outside the scope of a proceeding authorized by 18 U.S.C. § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 831 (2010) ("Because the aspects of his sentence that [the defendant] seeks to correct were not affected by [a guideline amendment], they are outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them.").

## V. Conclusion

In denying a sentence reduction based on the guideline amendment, the district court did not commit an abuse of discretion.

---

[2] Mr. Ramon-Perez appears to misunderstand the district court's ruling. In his view, the court mistakenly thought that it lacked power to reduce the sentence. But the district court did not question its power to reduce Mr. Ramon-Perez's sentence. Instead, the court decided not to exercise that power because Mr. Ramon-Perez had already obtained the benefits from the amendment.

We reject Mr. Ramon-Perez's challenge to the calculation of his base-offense level during sentencing. This alleged error falls outside the scope of a proceeding authorized by 18 U.S.C. § 3582(c)(2).

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge