**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON MCKINNEY,

    Defendant - Appellant.

No. 19-3105
(D.C. No. 2:06-CR-20078-JWL-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **EID**, Circuit Judge.

The First Step Act of 2018 empowers district courts to reduce the sentences of certain criminal defendants convicted of crack-cocaine offenses. Jason McKinney appeals from the district court's denial of his motion for a sentence reduction under the Act. The district court held that Mr. McKinney was neither eligible for nor entitled to First Step Act relief.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

We conclude that the district court erred in holding that Mr. McKinney was ineligible for First Step Act relief. That determination is sufficient to resolve this appeal. Furthermore, in light of the district court's limited analysis in alternatively ruling that—even if eligible—Mr. McKinney was not entitled to First Step Act relief, we cannot meaningfully consider whether the district court's judgment could be affirmed on this alternative basis. In other words, we cannot definitively opine on whether the court abused its discretion in ruling that, even if eligible, Mr. McKinney was not entitled to First Step Act relief. Accordingly, acting pursuant to our jurisdiction under 28 U.S.C. § 1291, we **reverse** the district court's eligibility ruling, **vacate** its judgment, and **remand** for further proceedings on whether Mr. McKinney is entitled to a reduction of his sentence under the First Step Act.

**I**

In September 2006, Mr. McKinney was charged with five drug and firearm offenses. One of the charges was possession with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). Mr. McKinney pleaded guilty to the crack-cocaine charge in June 2007.[1] He was subject to a sentencing enhancement based on a prior felony drug offense and,

_____

[1] The government agreed to dismiss all other charges except a charge of possession of a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c). Mr. McKinney also pleaded guilty to this charge.

consequently, faced a mandatory minimum sentence of twenty years' imprisonment and a mandatory minimum term of ten years of supervised release. *See* 21 U.S.C. § 841(b)(1)(A) (2006).

At Mr. McKinney's sentencing hearing, the district court calculated a total offense level of forty-two and a criminal history category of V, corresponding to a United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of 360 months' imprisonment to life. The district court sentenced Mr. McKinney, for his crack-cocaine offense, to 360 months' imprisonment and ten years of supervised release.[2]

In the year after Mr. McKinney was sentenced, Congress enacted the Fair Sentencing Act of 2010, which increased the quantities of crack cocaine required to trigger certain mandatory minimum sentences. The Act amended § 841(b)(1)(A)(iii)—Mr. McKinney's relevant statute of conviction—by increasing the threshold quantity of crack cocaine from 50 grams to 280 grams. If the Act had been in effect at the time of Mr. McKinney's guilty plea and sentencing, he would not have faced a mandatory minimum sentence of twenty years' imprisonment and ten years of supervised release. Instead, he would have

---

[2]     For the § 924(c) offense, the district court sentenced Mr. McKinney to sixty months' imprisonment, to run consecutively to his prison term for his crack-cocaine-related offense, and to five years of supervised release, to run concurrently with his ten-year supervised-release term for the latter drug offense.

faced a mandatory minimum sentence of ten years' imprisonment and eight years of supervised release. But the Fair Sentencing Act did not apply retroactively to defendants like Mr. McKinney. *See Dorsey v. United States*, 567 U.S. 260, 280–81 (2012); *United States v. Lucero*, 713 F.3d 1024, 1027–28 (10th Cir. 2013).

The First Step Act changed that. It allows a district court to "impose a reduced sentence *as if* . . . the Fair Sentencing Act of 2010 . . . w[as] in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018) (emphasis added). The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by . . . the Fair Sentencing Act[,] . . . that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222. The only stated limitations on eligibility apply to defendants for whom (1) the sentence in question "was previously imposed or previously reduced" in accordance with the relevant provisions of the Fair Sentencing Act, or (2) a previous motion was made under the First Step Act and denied "after a complete review of the motion on the merits." *Id.* § 404(c), 132 Stat. at 5222.

Mr. McKinney filed a motion for a sentence reduction. The district court denied it. The court ruled that Mr. McKinney was not eligible for a sentence reduction because his original Guidelines range remained unchanged under the

4

Act. The court further held that even if Mr. McKinney were eligible for relief it would "nonetheless exercise its discretion to hold that a reduction was not warranted because Mr. McKinney's Guidelines range has not changed." R., Vol. I, at 302 (District Ct. Mem. & Order, filed May 9, 2019). Mr. McKinney then brought this timely appeal.

## II

A motion for a reduced sentence under the First Step Act turns primarily on two questions: "First, *may* the court reduce the sentence? And second, *should* the court reduce the sentence?" *United States v. Shaw*, 957 F.3d 734, 736 (7th Cir. 2020); *see United States v. Mannie*, 971 F.3d 1145, 1147–50 (10th Cir. 2020). The first question concerns a defendant's eligibility for a sentence reduction and "is governed by sections 404(a) and 404(c) of the First Step Act." *Shaw*, 957 F.3d at 736. If a defendant is eligible for a sentence reduction, a court must then determine if a defendant has established his entitlement to one.

We review a district court's denial of a defendant's motion for reduction of sentence under the First Step Act for an abuse of discretion. *See Mannie*, 971 F.3d at 1155 ("Because the 2018 [First Step Act] gives the district court broad discretion to grant or deny the motion, we review the district court's decision only for an abuse of that discretion."). However, "[w]hen the district court errs in deciding a legal issue, it necessarily abuses its discretion." *In re Cooper Tire &*

*Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (quoting *In re Qwest Commc'ns Int'l, Inc.*, 450 F.3d 1179, 1184 (10th Cir. 2006)); *accord United States v. Hasan*, 609 F.3d 1121, 1127 (10th Cir. 2010).

We turn first to whether Mr. McKinney was eligible for a sentence reduction. As we have recently made clear, "an offender is eligible to seek relief under the 2018 [First Step Act] if he or she was convicted of and sentenced for (1) a violation of a federal criminal statute, (2) the statutory penalties for which were modified by section 2 or 3 of the 2010 [Fair Sentencing Act], and (3) that was committed prior to August 3, 2010." *Mannie*, 971 F.3d at 1147. The "bar for eligibility is low." *Id.* at 1152. These three requirements alone dictate whether a defendant is eligible for relief. *See id.* at 1147; *see also United States v. Crooks*, --- F.3d ---, 2021 WL 1972428, at *3–4 (10th Cir. May 18, 2021). No other factors are relevant to the eligibility determination (beyond the two aforementioned exceptions to eligibility).

In denying Mr. McKinney's motion, however, the district court conditioned his eligibility for relief on a reduction in his Guidelines range. That is, the court denied the motion simply because "a recalculation of Mr. McKinney's Guidelines numbers under the Fair Sentencing Act results in the same Guideline range as applied to Mr. McKinney at his initial sentencing." R., Vol. I, at 294. Under *Mannie*—which was issued *after* the district court ruled and thus was not

6

available to it—it is beyond cavil that this ruling of the court was legally erroneous. Whether Mr. McKinney's Guidelines range would be reduced through application of the Fair Sentencing Act—as the First Step Act prescribed—simply was not relevant, as a matter of law, to a determination regarding his eligibility for relief under the First Step Act.

And Mr. McKinney was prejudiced by the court's error because he is undisputedly eligible for a sentence reduction under the First Step Act: he was convicted for a violation of a federal criminal statute—committed prior to August 3, 2010—and the penalties for that offense were modified by the Fair Sentencing Act. That is enough to make him eligible. With appropriate candor, the government has conceded that Mr. McKinney is eligible for First Step Act relief. *See* Aplee.'s Resp. Br. at 13 ("[T]he [First Step Act] applies to [Mr. McKinney] because his offense involved crack cocaine and he was sentenced before August 3, 2010."); *see also* Oral Arg. at 12:40–12:43 ("Mr. McKinney was eligible for a reduced sentence under the First Step Act."); Aplee.'s Suppl. Br. at 1 ("McKinney is eligible to seek relief under the First Step Act." (emphasis omitted)). Because Mr. McKinney is eligible for First Step Act relief, we reverse the district court's ruling to the contrary. That determination is sufficient to resolve this appeal, and, for the reasons noted below, we decline to definitively opine on whether the

7

district court abused its discretion in alternatively determining that Mr. McKinney was not entitled to First Step Act relief.

The district court stated that, even if Mr. McKinney were eligible for relief it "would nonetheless exercise its discretion to hold that a reduction was not warranted because Mr. McKinney's Guidelines range has not changed." R., Vol. I, at 302. Yet, it is not clear to us from the court's analysis whether it viewed Mr. McKinney's unchanged Guidelines range as being just one relevant factor to consider or as being the solely dispositive factor in its denial of relief.

More generally, based on the district court's limited analysis, we lack sufficient knowledge regarding the variables that the court took into account—as well as the weight that it accorded to them—to rule with any certainty regarding whether the court abused its discretion in holding that Mr. McKinney was not entitled to First Step Act relief. Thus, we are not situated to meaningfully consider whether the district court's judgment could be affirmed on this alternative ground—under the rationale that, even if eligible, Mr. McKinney is not entitled to First Step Act relief. A remand of the case to address the entitlement question is required. Indeed, the parties agreed at oral argument that a proper course of action would be to remand this case to the district court for further proceedings on whether Mr. McKinney is entitled to relief. *See* Oral Arg. at 28:48–30:07, 31:17–32:28.

8

We express no view on the proper scope and content of those proceedings. These issues are best hashed out on remand. There, the parties may present to the district court arguments on the legally proper and desirable scope and form of First Step Act proceedings. And, the district court may in turn explicitly spell out in the first instance its understanding of the range of its discretion on this matter. Furthermore, we offer no opinion regarding the ultimate resolution of those proceedings—that is, on whether Mr. McKinney is entitled to First Step Act relief.

## III

For the foregoing reasons, we **REVERSE** the district court's eligibility determination, **VACATE** its judgment, and **REMAND** for further proceedings consistent with this order and judgment.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

9