FILED
United States Court of Appeals
Tenth Circuit

July 26, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HECTOR MOREIRA,

    Defendant - Appellant.

No. 20-3251
(D.C. No. 2:06-CR-20021-KHV-JPO-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

---

Mr. Hector Moreira, proceeding pro se,[1] appeals from the district court's dismissal of his compassionate release motion under 18 U.S.C. § 3582(c)(1)(A)(i). Exercising jurisdiction under 28 U.S.C. § 1291, we **affirm**.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1(a) and Tenth Circuit Rule 32.1(A). After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Moreira appears pro se, we construe his filings liberally, but do not act as his advocate. *See United States v. Parker,* 720 F.3d 781, 784 n.1 (10th Cir. 2013).

**I**

At all material times, Mr. Moreira has been incarcerated at USP Terre Haute in Indiana, a penal facility of the Federal Bureau of Prisons ("BOP"). In 2007, he was convicted of multiple violations of 21 U.S.C. § 841 and 18 U.S.C. § 2 for his role in a drug-trafficking conspiracy. Based on a total adjusted offense level of 44 and a criminal history category of I, the U.S. Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") imprisonment range for Mr. Moreira's crimes was life in prison. The district court sentenced Mr. Moreira to life in prison. A panel of this Court affirmed his sentence on direct appeal. *See United States v. Moreira*, 317 F. App'x 745 (10th Cir. 2008) (unpublished).

On July 3, 2020, Mr. Moreira petitioned the officials at USP Terre Haute to place him in home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). R., Vol. IV, at 37 (Pet.'s Home Confinement Request, dated July 3, 2020). The Warden denied his request on July 13, 2020, concluding that Mr. Moreira did not meet the priority guidelines for a transfer to home confinement. *See id.* (Resp. to Pet.'s Home Confinement Request, dated July 13, 2020). Although he was informed of his right to file an administrative appeal, Mr. Moreira failed to do so.

However, on September 24, 2020, Mr. Moreira filed a so-called compassionate release motion in federal district court under 18 U.S.C.

2

§ 3582(c)(1)(A)(i), arguing that the COVID-19 pandemic necessitated a reduction of his sentence.[2] *See id.* at 18 (Mot. Brought Under 18 U.S.C. § 3582(c)(1)(A)(i), filed Sept. 24, 2020); *see also United States v. Maumau*, 993 F.3d 821, 824 (10th Cir. 2021) (discussing the statutory provisions that "authorize defendants to file their own motions for compassionate release"). Section 3582(c)(1)(A)(i) allows a district court to modify a prisoner's sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Moreira sought compassionate release in light of his life sentence, his hypertension diagnosis, his increased risk of contracting COVID-19 at USP Terre Haute, his rehabilitation efforts, and his desire to provide support to his "ailing" father. *See* R., Vol. IV, at 25–34.

On November 25, 2020, the district court dismissed Mr. Moreira's motion, principally due to a purported lack of jurisdiction stemming from his apparent failure to exhaust administrative remedies.[3] *See id.* at 120–21 (Dist. Ct.'s Order

---

[2]     The CARES Act expanded the power of the BOP to "place a prisoner in home confinement" in light of the pandemic. *See* CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). But this relief is distinct from that which a prisoner may secure through a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which involves a reduction in the prisoner's sentence. As applied here, that means the home confinement relief that Mr. Moreira sought from the Warden in July 2020 cannot be equated with the relief that he subsequently sought in September 2020 from the district court.

[3]     The compassionate release statute includes an exhaustion requirement, specifying that "the court . . . may reduce the term of imprisonment"

(continued...)

Dismissing Pet.'s Mot., dated Nov. 25, 2020). Additionally, the district court thoroughly reviewed the merits of Mr. Moreira's motion, individually addressing the factors that he cited in support of his claim for relief—especially those factors correlating with the criteria identified by the "Sentencing Commission [in its Policy Statement, U.S.S.G. § 1B1.13] . . . that may constitute [extraordinary and compelling] grounds for compassionate release." *Id.* at 122–23. The district court ultimately found that Mr. Moreira failed to show that "[his] factors, either individually or collectively, establish extraordinary and compelling reasons for release." *Id.* at 129. Thus, the district court found that Mr. Moreira failed to put forth "reasons that warrant his release under Section 3582(c)(1)(A)," and concluded that dismissal was proper. *Id.* at 130.

Importantly, the district court did not stop there. Specifically, the court concluded that even if Mr. Moreira had exhausted his administrative remedies and "[e]ven if [Mr. Moreira's] life sentence, his rehabilitation efforts, his father's failing health, the conditions at USP Terre Haute and the COVID-19 pandemic were considered 'extraordinary and compelling' reasons for release [under the

---

[3](...continued) under certain detailed circumstances either "upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal* a failure of the [BOP] to bring a motion on the defendant's behalf" or, alternatively, "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

criteria of § 1B1.13], the Court [still] would deny relief after considering the various factors under 18 U.S.C. § 3553." *Id.* at 129.

The court elaborated on its reasoning:

> A sentence of time served, or approximately 13 years, is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public. Specifically, defendant committed a significant drug trafficking offense. As part of the offense conduct, defendant was responsible for 4.89 kilograms of actual methamphetamine. He also possessed a firearm and was a manager or supervisor in the criminal activity that involved at least five participants. Defendant obstructed justice by recklessly creating a substantial risk of death or serious bodily injury to another person while fleeing from a law enforcement officer. Defendant's calculated offense level was 44, which is greater than the maximum of 43 under the Sentencing Guidelines.
>
> The Court recognizes that defendant has participated in several BOP programs, including training as a plumber. He apparently has made progress toward rehabilitation. Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.

*Id.* at 129–30 (citations omitted).

In sum, the court rested its denial of Mr. Moreira's motion on separate and independent grounds and concluded that, even assuming that Mr. Moreira were otherwise eligible for relief, the court still would deny him compassionate release because the balance of the § 3553(a) factors tilted against him. This appeal followed.

In his appellate briefing, Mr. Moreira acknowledges that the district court denied relief based "on several independent reasons." Aplt.'s Opening Br. at 3. In that regard, he observed that "although [the court] based its decision on [Mr.] Moreira's failure to exhaust administrative remedies, it nonetheless conducted a full evaluation of [Mr.] Moreira's circumstances, including the § 3553(a) factors and the [U.S.S.G.] § 1B1.13 policy statement." *Id.* Attach. A.

Mr. Moreira contends that the court "abused its discretion," when it "dismissed [his] motion for lack of jurisdiction." *Id.* Attach. B. More specifically, he argues that he actually exhausted his administrative remedies. *See id.* at 4. To that end, Mr. Moreira asserts that § 3582(c)(1)(A) requires only that "thirty days pass[] from submission of [a home confinement] request to the warden" before a district court may entertain a request for compassionate release. *Id.* Attach. A. As such, Mr. Moreira argues that he exhausted his administrative remedies because "the required thirty (30) days had elapsed when [he] filed his pro-se motion." *Id.*

Mr. Moreira further contends that the district court erred in its "procedural decision denying him relief, based upon the use of the now defunct and inapplicable" Guidelines Policy Statement—that is, U.S.S.G. § 1B1.13—which, he says, "does not apply to motions filed by defendant[s] in a pro-se [sic] capacity." *Id.* at 2. Lastly, though he does not challenge in a specific or meaningful manner the district court's § 3553(a) analysis, Mr. Moreira concludes

that considering his circumstances "individually or collectively," "he is entitled to 'compassionate release.'" *Id.* Attach. B.

## II

"[U]nder the current statutory framework, a prisoner may move for compassionate release 'only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission;[4] and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are

---

[4] By its plain terms, the Guidelines compassionate release Policy Statement, § 1B1.13, prescribes the circumstances under which "[u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment" of a prisoner, "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(1)(A). The commentary to this provision identifies the following reasons that may constitute grounds for extraordinary and compelling circumstances: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) other extraordinary and compelling reasons as determined by the Director of the Bureau of Prisons. *See* U.S.S.G. § 1B1.13, cmt. n.1. Because the text literally speaks of compassionate release motions filed by the BOP Director, a question arose in the federal courts as to whether this Guidelines provision applies when, as here, the compassionate release motion is filed by a prisoner. As discussed *infra*, the district court answered that question in the affirmative, but subsequent binding precedent in our circuit indicates that the court was mistaken.

applicable.[5]'" *United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021) (quoting *Maumau*, 993 F.3d at 831).

"A district court 'may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others.'" *Id.* (alteration in original) (quoting *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021)). Stated otherwise, "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied." *United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021), *cert. denied*, --- U.S. ----, 142 S. Ct. 2742 (2022).

---

[5]　　18 U.S.C. § 3553(a) lists the following factors that a district court should consider when determining the appropriate sentence for a defendant: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed[ ] . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct[,] to protect the public from further crimes of the defendant[,] and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the kinds of sentences available;" (4) "the kinds of sentence and the sentencing range established for[] . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[ ] . . . .;" (5) "any pertinent policy statement" issued by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and" (7) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

"We review de novo whether a district court 'possesse[s] jurisdiction to modify [a] [d]efendant's sentence' under § 3582(c)(1)(A)." *United States v. Saldana*, 807 F. App'x 816, 818 n.4 (10th Cir. 2020) (unpublished) (alterations in original) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)); *cf. United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013) ("The scope of a district court's authority in a []sentencing [modification] proceeding under § 3582(c)(2) is a question of law that we review de novo." (alterations in original) (quoting *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008))).

More generally, "[w]e review a district court's order denying relief on a § 3582(c)(1)(A) motion for abuse of discretion." *Hemmelgarn*, 15 F.4th at 1031; *see also United States v. Williams*, 848 F. App'x 810, 812 (10th Cir. 2021) (unpublished) (reviewing the denial of a sentence reduction under § 3582(c)(1)(A)(i) for abuse of discretion); *Saldana*, 807 F. App'x at 818 n.4 ("We review for abuse of discretion the district court's decision to deny an authorized sentence reduction."); *cf. United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) ("We review for an abuse of discretion a district court's decision to deny a reduction of sentence under 18 U.S.C. § 3582(c)(2)." (quoting *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012))). Under this standard, "[a] district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Hemmelgarn*, 15 F.4th at 1031 (quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)).

9

But "[l]ike other errors, abuses of discretion may be harmless." *United States v. Tony*, 948 F.3d 1259, 1264 (10th Cir. 2020). Thus, "if we find an abuse of discretion, we must determine whether the error was harmless" before we reverse the district court's disposition. *United States v. Vaughn*, 370 F.3d 1049, 1051 (10th Cir. 2004). "An error 'is harmless unless it had a "substantial influence" on the outcome or leaves one in "grave doubt" as to whether it had such effect.'" *Id.* (quoting *United States v. Cestnik*, 36 F.3d 904, 910 (10th Cir. 1994)).

### III

We agree with Mr. Moreira that the district court committed legal error by finding that it did not have jurisdiction to review Mr. Moreira's motion. Furthermore, insofar as the district court concluded that U.S.S.G. § 1B1.13's criteria are applicable and binding—where Mr. Moreira and not the Director of the BOP filed the compassionate release motion—we conclude that Mr. Moreira's suggestion of error also is on target. However, we ultimately conclude that these two errors are harmless and uphold the district court's judgment.

As Mr. Moreira recognizes, the district rested its decision on several independent bases. More specifically, in addressing the exhaustion question and the merits factors that a prisoner must satisfy to secure compassionate release, the court reasoned that even assuming that Mr. Moreira had administratively exhausted his claims and demonstrated extraordinary and compelling reasons

10

under the criteria of U.S.S.G. § 1B1.13, the court still would deny his motion for

compassionate release "after considering the various factors under 18 U.S.C.

§ 3553(a)." R., Vol. IV, at 129. In other words, the district court correctly

perceived that § 3553(a) provides a separate and distinct basis for denying a

compassionate release motion and determined that, irrespective of whether Mr.

Moreira satisfied the other grounds for compassionate release, his motion was

appropriately denied because the balance of the § 3553(a) factors tilted against

him. Notably, Mr. Moreira does not find fault in any specific or meaningful way

with the district court's § 3553(a) analysis. Accordingly, we conclude that this

analysis stands undisturbed and supports the court's decision to deny Mr.

Moreira's motion for compassionate release. This denial thus was not an abuse of

discretion.

## A

In *United States v. Hemmelgarn*, a decision published after the district

court dismissed Mr. Moreira's motion, we determined as a matter of first

impression that the exhaustion requirement found in § 3582(c)(1)(A) is not

"jurisdictional in nature." 15 F.4th at 1030–31. Specifically, we

concluded—following our sister circuits who had previously looked into the

matter—that "§ 3582(c)(1)(A)'s exhaustion requirement is a claim-processing

rule." *Id.* at 1031. Practically, this means that, if the government does not argue

exhaustion before the district court, that argument ordinarily is not

11

preserved—regardless of whether a movant "failed to provide proof that he exhausted his administrative remedies." *Id.*; *cf. Eberhart v. United States*, 546 U.S. 12, 15 (2005) (explaining that claim-processing rules "may be 'unalterable on a party's application' but 'can nonetheless be forfeited if the party asserting the rule waits too long to raise the point'" (quoting *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004))).

Put simply, the district court here committed legal error when it *sua sponte* concluded that Mr. Moreira's motion for compassionate release was subject to dismissal for lack of jurisdiction because he allegedly failed to administratively exhaust his remedies. Rather, the court should have inquired whether the government sought to enforce the exhaustion rule. *See Hemmelgarn*, 15 F.4th at 1031 ("Even though [the movant] failed to provide proof that he exhausted his administrative remedies [for purposes of § 3582(c)(1)(A)], the government did not argue exhaustion on appeal. This argument is waived."); *cf. United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *3 & n.2 (10th Cir. Dec. 3, 2021) (unpublished) (concluding that the government did not waive its exhaustion argument on appeal, because the government, at the "first opportunity" afforded to it, "argued forcefully" that petitioner failed to exhaust his remedies under of § 3582(c)(1)(A)).[6]

---

[6] The government actually failed to present an exhaustion argument before the district court. *See* R., Vol. IV, at 78–98 (Government's Resp. to

(continued...)

Furthermore, the district court committed another error—this one related to whether Mr. Moreira had made a sufficient showing of extraordinary and compelling reasons. In particular, the district court reasoned that, even though Mr. Moreira moved for compassionate release—instead of the BOP Director—the provisions of U.S.S.G. § 1B1.13 defined the relevant and controlling criteria for determining whether his reasons for seeking relief were extraordinary and compelling. In this regard, the court stated:

> In December of 2018, the First Step Act amended Section 3582(c)(1)(A) to permit defendants (rather than only the BOP) to file motions for compassionate release. The Sentencing Commission's policy statement, which was effective November 1, 2018, nonetheless remains the relevant policy statement in determining whether "extraordinary and compelling reasons" warrant defendant's release. Unless the grounds for resentencing fall within one of the specific categories that Congress has authorized under Section 3582(c), the Court lacks jurisdiction to consider defendant's request.

R., Vol. IV, at 124 (citation omitted). Thus, the district court determined that, even where the movant is a prisoner, as here, § 1B1.13's criteria is applicable and

---

[6](...continued)
§ 3582 Mot., filed Oct. 26, 2020); *id.* at 84 & n.5 (the government conceding that "it appears" that the exhaustion requirement "is met" in this case by virtue of the Warden denying Mr. Moreira's July 3, 2020, request for home confinement, which the government characterizes as a request for "compassionate release"). Thus, notwithstanding the fact that Mr. Moreira's initial request submitted to the Warden was related placement in home confinement—a substantially different request than a motion for a reduction of sentence pursuant to § 3582(c)(1)(A), *see United States v. Springer*, 820 F. App'x 788, 790–92 & n.5 (10th Cir. 2020) (unpublished)—the government seemingly did not preserve an exhaustion challenge.

controlling in the assessment of whether the prisoner has shown extraordinary and compelling reasons.

However, after the district court issued its order, we expressly ruled to the contrary—first in our *McGee* decision, and thereafter in other binding precedent. 992 F.3d at 1050 ("We conclude instead, as have the Second, Fourth, Sixth, and Seventh Circuits, that the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."); *accord Maumau*, 993 F.3d at 836–37; *cf. Hald*, 8 F.4th 938 n.4 (stating that "the district court's discretion is not restricted by any Sentencing Commission policy statements," but noting that "it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance"). Accordingly, to the extent that the district court deemed § 1B1.13's criteria to be applicable and controlling in its assessment of whether Mr. Moreira had offered extraordinary and compelling reasons in support of his compassionate release motion—as Mr. Moreira suggests—the court erred.

**B**

We nevertheless uphold the district court's denial of Mr. Moreira's motion for compassionate release, regardless of the court's errors in concluding that (1) it lacked jurisdiction because of Mr. Moreira's purported failure to exhaust and (2) it was obliged to apply U.S.S.G. § 1B1.13's criteria even though Mr.

14

Moreira—not the BOP Director—was the movant.  That is because these two errors were harmless.

As Mr. Moreira himself recognizes, the district court denied him relief based "on several independent reasons."  Aplt.'s Opening Br. at 3.  Specifically, the court reasoned that even assuming that Mr. Moreira had administratively exhausted his claims and demonstrated extraordinary and compelling reasons—under the criteria of U.S.S.G. § 1B1.13—it still would deny his motion for compassionate release "after considering the various factors under 18 U.S.C. § 3553(a)."  R., Vol. IV, at 129.

In particular, the district court explained that "[e]ven if [Mr. Moreira's] life sentence, his rehabilitation efforts, his father's failing health, the conditions at USP Terre Haute and the COVID-19 pandemic were considered 'extraordinary and compelling' reasons for release, the Court would deny relief after considering the various factors under 18 U.S.C. § 3553."  *Id.*  Then tracking the § 3553(a) factors, the court first stated that "[a] sentence of time served, or approximately 13 years, is inconsistent with the seriousness of [Mr. Moreira's] offense, the need for deterrence and the need to protect the public."  *Id.* at 129–30.  The court specifically observed that Mr. Moreira "committed a significant drug trafficking offense" and "was responsible for 4.89 kilograms of actual methamphetamine." *Id.* at 130.  Next, the court noted Mr. Moreira's "possess[ion] of a firearm and [his status as] a manager or supervisor in the criminal activity that involved at

15

least five participants." *Id.* The court additionally stated that Mr. Moreira "obstructed justice by recklessly creating a substantial risk of death or serious bodily injury to another person while fleeing from a law enforcement officer." *Id.* Lastly, the court recounted that Mr. Moreira's calculated offense level was 44 "which is greater than the maximum of 43 under the Sentencing Guidelines." *Id.* In sum, the court reasoned that, even though Mr. Moreira "has participated in several BOP programs" and "apparently has made progress toward rehabilitation[,] . . . . on balance, the factors under Section 3553(a) do not support a reduced sentence." *Id.*

Mr. Moreira does not specifically or meaningfully find fault with the district court's § 3553(a) analysis. In particular, he does not dispute any of the court's factual findings concerning the circumstances of his crime, the sentence imposed, or his calculated offense level. He does not even attempt to argue that the court failed to consider or otherwise incorrectly applied the § 3553(a) factors. *See* Aplt.'s Opening Br. Attach. B (explaining that the court "engaged in a[n] analysis" that "consider[ed] all the aforementioned [§ 3553(a) factors] and the need for deterrence, as well as the need to protect the public"). Indeed, Mr. Moreira merely surmises that the court "failed to address and recognize the significant strides and rehabilitative effort(s)" as outlined in "character letter(s)" from BOP employees submitted on his behalf. *Id.* at 4. He also cursorily states that at least five other inmates "who had . . . more serious and violent crime(s)

16

were granted 'compassionate release'" around the same time he submitted his petition. *Id.* However, all of this is not enough for us to conclude that the district court abused its discretion here in conducting its § 3553(a) analysis. *See United States v. Singer*, 825 F.3d 1151, 1158 (10th Cir. 2016) ("[W]e will 'find an abuse of discretion only if the district court was *arbitrary, capricious, whimsical, or manifestly unreasonable* when it weighed the permissible § 3553(a) factors.'" (emphasis added) (alteration in original) (quoting *United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015))).

As a panel of our Court most recently explained:

> To the extent [movant] is arguing the district court should have given more weight to her post-sentencing conduct, we reject this argument. [Movant] maintains that since she has been serving her custodial sentence, she has made significant efforts towards self-improvement: for example, she has pursued vocational training, drug education, and drug-abuse treatment. [Movant] is correct that district courts generally may consider a defendant's post-sentencing rehabilitation under § 3553(a), but the "weighing of the § 3553(a) factors is committed to the discretion of the district court[.]" We conclude the district court did not abuse its discretion by finding that, on balance, [movant's] history and characteristics weighed against a sentence reduction.

*United States v. Setiyaningsih*, No. 21-8093, 2022 WL 2160001, at *2 (10th Cir. June 15, 2022) (unpublished) (citations omitted) (quoting *Hald*, 8 F.4th at 949).

In sum, as to the district court's § 3553(a) analysis, Mr. Moreira offers no specific or meaningful argument that the district court abused its discretion. And Mr. Moreira has clearly acknowledged that the court's § 3553(a) ruling provides

17

an independent basis for denying his motion for compassionate release. Accordingly, regardless of the court's errors in concluding that it lacked jurisdiction due to Mr. Moreira's purported failure to exhaust administrative remedies, and that it was obliged in this case involving a prisoner's compassionate release motion to apply U.S.S.G. § 1B1.13's criteria, we uphold the district court's denial of Mr. Moreira's motion for compassionate release because the two errors are harmless.  And the court did not abuse its discretion in denying Mr. Moreira's motion based on its application of the sentencing factors of § 3553(a).

**IV**

For the foregoing reasons, we **AFFIRM** the district court's judgment.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge


18